UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
JAN 1 6 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
            DEPUTY CLERK

| | |
|---|---|
| AHMAD SHAKOOR, § § § Petitioner, § § v. § § TODD M. LYONS *et al.*, § § Respondents. § | CIVIL NO. SA-25-CV-1628-OLG |

**O R D E R**

Pending before the Court is Petitioner Ahmad Shakoor's Petition for Habeas Corpus (Dkt. No. 1), to which Respondents filed a response (Dkt. No. 7), and Petitioner filed a reply (Dkt. No. 10). After careful consideration, the Petition (Dkt. No. 1) is **GRANTED** as set forth below.

**I.   BACKGROUND**

The material facts of this case are not in dispute. Petitioner is a native of Pakistan who entered the United States in 2016. *See* Dkt. Nos. 1 at 7; 1-1 at 2; 7 at 2. Upon entry, Petitioner applied for asylum and withholding of removal under the Convention Against Torture ("CAT"). *See* Dkt. Nos. 1 at 7; 1-1 at 2; 7 at 2–3. In 2019, Immigration and Customs Enforcement ("ICE") released Petitioner on his own recognizance. *See* Dkt. Nos. 1 at 2; 1-2; 7 at 3; 7-1 at 2. In 2023, an immigration judge ("IJ") denied Petitioner's asylum claim, granted withholding of removal, and issued a final order of removal. *See* Dkt. No. 1-1 at 5. In 2024, ICE released Petitioner under an Order of Supervision ("OSUP"). *See* Dkt. No. 1-3.

On October 2, 2025, Customs and Border Protection agents detained Petitioner at an immigration checkpoint near Laredo, Texas and took him into custody. *See* Dkt. Nos. 1 at 2; 7 at 3;

7-1 at 3.[1] Thereafter, ICE initiated removal proceedings against Petitioner, which an IJ promptly terminated in light of his existing final order of removal. *See* Dkt. Nos. 1 at 8; 1-4 at 1; 7 at 3. Petitioner has remained in ICE custody ever since. *See* Dkt. Nos. 1 at 4; 7 at 3.

On December 3, 2025, Petitioner initiated this habeas corpus proceeding under 28 U.S.C. § 2241. *See* Dkt. No. 1. The Court ordered Respondents to file a response, *see* Dkt. No. 4, which they did on December 15, 2025. *See* Dkt. No. 7. On December 19, 2025, Petitioner filed a reply. *See* Dkt. No. 10.

## II.   LEGAL STANDARD

A district court may issue a writ of habeas corpus when a federal detainee is held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). While many statutory provisions limit judicial review in the immigration context, "habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention." *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001).

## III.   ANALYSIS

"Once an alien is ordered removed, the Department of Homeland Security ("DHS") must physically remove him from the United States within a 90-day 'removal period.'" *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) (citing 8 U.S.C. § 1231(a)(1)(A)). During the 90-day removal period, detention is mandatory, *see id.* (citing 8 U.S.C. § 1231(a)(2)); however, "[u]pon expiration of the removal period, the Government may continue to detain certain aliens or release them under conditions of supervision," *Abuelhawa v. Noem*, --- F. Supp. 3d ---, 2025 WL 2937692, at *4 (S.D. Tex. Oct. 16, 2025) (citing 8 U.S.C. § 1231). "Although the statute does not specify a

---

[1] Respondents imply that Petitioner's OSUP was revoked because he violated the conditions of his release; that is, he failed to submit requests to embassies and consulates for the issuance of travel documents and, as a result, failed to furnish written responses to any such requests. *See* Dkt. No. 7 at 3. This explanation seems implausible. But even if it were true, Petitioner's OSUP includes none of these conditions. *See* Dkt. No. 1-3.

time limit on how long DHS may detain an alien in the post-removal period," post-removal detention may last no longer than what is "reasonably necessary to bring about the alien's removal." *Guzman Chavez*, 594 U.S. at 529 (quoting *Zadvydas*, 533 U.S. at 689). Recognizing that not all reasonably foreseeable removals can be accomplished within the three-month removal period, the Supreme Court has generally held that such detentions are "presumptively reasonable" for up to "six months." *Zadvydas*, 533 U.S. at 701. After that point, release is required if "there is no significant likelihood of removal in the reasonably foreseeable future." *Guzman Chavez*, 594 U.S. at 529 (citation omitted).

Petitioner asserts a *Zadvydas* claim.[2] The parties dispute who bears the initial burden of proof with respect to this claim. According to Respondents, Petitioner bears the initial burden because he has been detained for less than six months, making his detention presumptively reasonable. *See* Dkt. No. 7 at 5–7. Petitioner, on the other hand, asserts that—because this is a re-detention case—applicable regulations place the burden on Respondents. *See* Dkt. No. 10 at 2–3. The Court agrees with Petitioner. As the Court has previously held, "because this case involves a re-detention based on an OSUP revocation, . . . it is Respondents' burden to show a significant likelihood that Petitioner may be removed." *See Momin v. Noem*, No. SA-25-CV-1017-OLG, Dkt. No. 19 at 3–4 (W.D. Tex. Jan. 8, 2026) (citation modified). They have failed to meet that burden here.

Respondents assert "that there is a significant likelihood of removal in the reasonably foreseeable future." Dkt. No. 7 at 8. But they provide no evidentiary support for this conclusory assertion. *See* Dkt. No. 7-1 at 3. Indeed, Petitioner's administrative file contains no evidence that

---

[2] Petitioner raises other claims in his Petition. *See* Dkt. No. 1 at 9–11. Because the Court grants relief under *Zadvydas*, it need not address these claims.

3

Respondents have taken any action whatsoever to secure his removal to a third country. *See* Dkt. Nos. 11-1; 11-2. In the absence of any such evidence, Respondents have not met their burden. Therefore, Petitioner must be released. *See, e.g., Trejo v. Warden of ERO El Paso E. Mont.*, --- F. Supp. 3d ---, 2025 WL 2992187, at *5–6 (W.D. Tex. Oct. 24, 2025) (ordering release where ICE had multiple outstanding removal requests but nevertheless failed to demonstrate that removal was likely in the reasonably foreseeable future).

Even if Petitioner had the initial burden of proof, he has met that burden. The presumptively reasonable period of detention may be rebutted by a showing "that there is no significant likelihood of removal in the reasonably foreseeable future." *Puertas-Mendoza*, 2025 WL 3142089, at *2; *see also Villanueva v. Tate*, --- F. Supp. 3d ---, 2025 WL 2774610, at *9 (S.D. Tex. Sept. 26, 2025) ("[N]othing in *Zadvydas* precludes a challenge to detention before the presumptively constitutional time period has elapsed."). Because Petitioner's removal is subject to a CAT withholding order, he may not be removed to Pakistan, his country of origin. *See* Dkt. No. 1-1 at 5. "Very few people subject to withholding of removal or CAT relief are removed from the United States." *Puertas-Mendoza*, 2025 WL 3142089, at *3. That is so because third-country deportations are notoriously difficult to effectuate, and "foreign governments routinely deny requests to receive people who lack a connection to the would-be receiving country." *See id.* at *3–4 (citation modified). Petitioner's case proves the point. Despite being ordered removed in 2023, he has yet to be removed from the United States. And since his re-detention, there has been no discernable progress toward his removal to a third country.

## IV. CONCLUSION

For the foregoing reasons, the Petition (Dkt. No. 1) is **GRANTED**.

**IT IS THEREFORE ORDERED** that, within **48 hours of the entry of this Order**, Respondents shall **RELEASE** Petitioner under conditions of release substantially similar to those contained in his prior OSUP.

This case is **CLOSED**.

**IT IS SO ORDERED.**

**SIGNED** on January 16, 2026.

ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE